# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

        Petitioner,    :    Case No. 1:15-cv-193

  - vs -                       District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS; ORDER FOR FURTHER PLEADING

       This case is before the Court on Respondent's Motion to Dismiss (ECF No. 11) which has been supplemented on the Court's Order (ECF No. 17).

       Respondent asserts the Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Respondent's careful and extended discussion of the statute relies upon the premise that Creech's conviction became final on direct appeal on January 11, 2011, when Creech's time to seek a writ of certiorari from the United States Supreme Court expired (Motion, ECF No. 11, PageID 1288). Petitioner disagrees, contending that because he had not yet been re-sentenced on the remand from his first appeal, the statute had not yet expired (ECF No. 13, PageID 1326).

       Petitioner's Response was filed October 13, 2015. Significant events have happened since then. On December 23, 2015, the Scioto County Common Pleas Court entered a Judgment

1

Entry on remand (ECF No. 16-1, Exh. 55, PageID 1337-39). In that Judgment Entry, Judge Harcha merged Counts 4, 5, and 6 and then sentenced Creech to four years confinement on Count 4 with the time to run consecutively to Counts 2, 3, and 10. *Id.* at PageID 1338. Creech has appealed from that Judgment Entry and apparently had not perfected the appeal as of January 2016. *Id.*

The re-sentencing was pursuant to mandate of the Fourth District Court of Appeals. In *State v. Creech*, 188 Ohio App. 3d 513 (4th Dist. 2013), that court reversed Creech's conviction and sentence for counts seven, eight, and nine and remanded for further proceedings consistent with its opinion. *Id.* at ¶¶ 36-37. This was because the court found merit in Creech's fourth assignment of error which alleged those counts of conviction should have been merged pursuant to Ohio's allied offenses statute, Ohio Revised Code § 2941.25. *Id.*

Respondent contends the new Judgment Entry does not affect calculation of the statute of limitations "because there is no change in custody and because the resentencing does not affect the underlying conviction." (Supplemental Memo, ECF No. 17, PageID 1346, citing *Eberle v. Warden*, 532 Fed. Appx. 605 (6th Cir. 2013), and *Mackey v. Warden,* 525 Fed. Appx. 357 (6th Cir. 2013)).

In *Eberle* the two sentence modifications which the Sixth Circuit held did not re-start the statute of limitations were a federal sentence modification for substantial assistance and an amended judgment to grant credit for pre-trial confinement. *Eberle*, 532 Fed. Appx. at *610. The court also, however, cited *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012), for the proposition that when a "case is remanded for resentencing because [the] initial sentence is infirm for some reason, the judgment is 'final' only after direct review of the punishment imposed at

resentencing."

In *Mackey* the Sixth Circuit upheld this Court's determination that a remand for re-sentencing to properly impose post-release control in Ohio did not re-start the statute of limitations. 525 Fed. Appx. at *362, relying on *State v. Fischer*, 128 Ohio St. 3d 92 (2010).

The change in judgment in this case is more significant than those in *Eberle* and *Mackey*. Before the merger and re-sentencing, Creech stood convicted of two offenses which are now not part of his record of convictions. See *State v. Underwood,* 124 Ohio St. 3d 365 (2010). The fact that the trial judge imposed a new sentence that is of the same length as the prior sentence is not determinative. What counts is that there is a new judgment. See *Magwood v. Patterson*, 561 U.S. 320 (2010), holding that the new judgment is determinative under the bar on second or successive petitions.

As Respondent notes, the statute of limitations is not jurisdictional. This Court can proceed to decide the case on the merits even if the statute has arguably run. The Magistrate Judge believes the best course is to elide the statute of limitations question and decide this case on the merits. It is therefore respectfully recommended that the Motion to Dismiss (ECF No. 11) be DENIED WITHOUT PREJUDICE AS MOOT.

Although Respondent properly filed the Motion to Dismiss in response to Magistrate Judge Bowman's Order for Answer (ECF No. 6), Respondent is now ORDERED, not later than March 15, 2016, to file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state

remedies, a procedural bar, non-retroactivity, or a statute of limitations. Respondent should advise the Court whether the State wishes to insist on exhaustion of Creech's presently pending appeals or not. The filing of objections to this Report will not automatically stay this order for an answer.

Not later than twenty-one days after the Answer is filed, Petitioner may file a reply as is contemplated by Rule 5(e) of the Rules Governing § 2254 Cases.

February 3, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).