# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

        Petitioner,      :      Case No. 1:15-cv-193

   - vs -                              District Judge Michael R. Barrett
                                         Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

                                    :

        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought pro se by Petitioner Scott Creech, is before the Court on Petitioner's Reply ("Traverse," ECF No. 22). In addition to responding to he Warden's arguments in the Return and asking for judgment on the merits, Petitioner alternatively requests a stay pending resolution of his current appeal to the Fourth District Court of Appeals from his December 23, 2015, re-sentencing.

Ordinarily a state criminal defendant is required to exhaust available state court remedies before proceeding in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). Here the Warden has declined to insist on exhaustion. (Return of Writ, ECF No. 19, PageID 1383.)

The Warden wants the Court to decide the case as it presently stands without awaiting

1

exhaustion. From the Petitioner's perspective, however, this could leave him with a decision on the merits of his present Petition but unable to obtain federal review of any eventual state court decision because of the bar on second-or-successive habeas petitions. It was this possibility, created by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), that brought the Supreme Court to recognize the authority of district courts to stay pending habeas cases rather than dismiss them for lack of exhaustion. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). Because Creech's state court proceedings are already filed, there is no need for this Court to set any time limits on his proceeding in state court.

Accordingly, further consideration of the Petition herein is STAYED pending the outcome of Petitioner's presently pending appeal. Petitioner shall keep this Court currently advised of the status of those proceedings.

March 18, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
