# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

        Petitioner,         :   Case No. 1:15-cv-193

   - vs -                      District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,
                              :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Scott Creech, is before the Court for decision. The relevant pleadings are the Amended Petition (ECF No. 41), the Respondent's Answer to the Amended Petition (ECF No. 43), and Petitioner's Amended Reply (ECF No. 46).

## Procedural History

The procedural history recited by the Fourth District Court of Appeals on direct appeal is as follows:

> {¶ 4} On April 30, 2008, the Scioto County Grand Jury returned [a superseding] indictment charging appellant with (1) the illegal possession of chemicals for the manufacture of drugs, (2) the illegal manufacture of drugs, (3) four counts of having a weapon while under a disability (counts three through six), (4) three counts of unlawful possession of dangerous ordnance (counts seven through nine), (5) illegally manufacturing or processing explosives, and (6) trafficking in methamphetamine.

{¶ 5} After hearing the evidence, the jury found appellant guilty of (1) the illegal possession of chemicals for manufacture of methamphetamine, (2) the illegal manufacture of drugs, (3) having a weapon (a rifle) while under disability, (4) having a weapon (detonation cord) while under disability, (5) having a weapon (sensitized ammonium nitrate) while under disability, (6) having a weapon (blasting caps) while under disability, (7) unlawful possession of dangerous ordnance (sensitized ammonium nitrate), (8) unlawful possession of dangerous ordnance (blasting caps), (9) unlawful possession of dangerous ordnance (detonation cord), and (10) illegally manufacturing or processing explosives.

{¶ 6} On October 10, 2008, the trial court sentenced appellant to serve a total of 19 years in prison as follows: (1) five years for the illegal possession of chemicals for manufacture of methamphetamine (count one), (2) six years for the illegal manufacture of drugs (count two), (3) two years for having a weapon (rifle) while under disability (count three), (4) four years on each of the three having a weapon while under disability offenses that involved the detonation cord, the blasting caps, and the sensitized ammonium nitrate (counts four through six), (5) 11 months for each of the offenses of unlawful possession of dangerous ordnance (counts seven though nine), and (6) seven years for illegally manufacturing or processing explosives (count ten). The court ordered (1) the sentences for counts one and two to be served concurrently, (2) the sentence for count three to be served consecutively to counts one and two, (3) the sentences for counts four, five, and six to be served concurrently with each other, but consecutively to counts one and two and to count three, (4) the sentences for counts seven, eight, and nine to be served concurrently with each other and concurrently with counts four through six, and (5) the sentence for count ten to be served consecutively to counts one and two, count three, and counts four, five, and six.

*State v. Creech*, 188 Ohio App. 3d 513 (4th Dist. June 1, 2010)("*Creech I*")(footnote omitted), appellate jurisdiction declined, 126 Ohio St. 3d 1600 (2010).

On June 1, 2011, with the assistance of attorney Elizabeth Gaba, Creech filed in the Common Pleas Court a "Motion to Vacate the Supposed October 2, 2008 Jury Verdicts in Case No. 08-Cr-461, Vacate the Conviction and Sentencing Entry of October 10, 2008, and for the Immediate Release of the Defendant from Prison" (State Court Record, ECF No. 10, PageID 574-

95).  The motion raised the confusion in case numbers issue for the first time.  It alleged the judgment entry on which Creech was being held was void and relied on the trial court's asserted inherent power to vacate a void judgment at any time.  *Id.* at PageID 575, citing *Patton v. Diemer*, 35 Ohio St. 3d 68 (1988).

Then on July 14, 2011, Attorney Gaba filed on Creech's behalf a Motion for Leave to File a Delayed Petition for Postconviction Relief (State Court Record, ECF No. 10, PageID 661-72.) Judge Harcha denied both motions (State Court Record, ECF No. 10, PageID 722-30).  Creech appealed, assisted by Attorney Gaba, and the Fourth District decided as follows:

> {¶ 2} On March 31, 2008, the Scioto County Grand Jury returned an indictment that charged appellant with: (1) the illegal possession of chemicals for the manufacture of methamphetamine in violation of R.C. 2925.041(A); (2) the illegal manufacture of methamphetamine in violation of R.C. 2925.04(A)/ (C)(2); (3) four counts of possession of a weapon or dangerous ordinance while under a disability in violation of R.C. 2923.13(A); (4) the illegal manufacture of explosives in violation of R.C. 2923.17(B); and (5) trafficking of methamphetamine in violation of R.C. 2925.03(A)(C)(1)(a). That indictment was filed under Case Number 08–CR–291 (291).
>
> {¶ 3} On April 30, 2008, the Scioto County Grand Jury returned a second indictment. This indictment is virtually identical to 291, except for a change to the mens rea in count ten. The second indictment was filed in Case Number 08–CR–461(461). 3 Apparently, as these proceedings wound their way through the trial court, some filings were made in 291 and some in 461.
>
> {¶ 4} On August 12, 2008, 461 was consolidated for trial with criminal cases against Lisa Pollitt and Terry L. Martin. The matter came on for trial in September and October 2008. At the conclusion of the trial, the jury found appellant guilty on ten of the eleven counts. The verdict forms, however, all bore Case Number 291 rather than Case Number 461.
>
> {¶ 5} On October 10, 2008, a judgment entry filed in 461 dismissed the remaining count and sentenced appellant to serve a cumulative total of nineteen years in prison. The trial court also filed a November 3, 2008 entry that ordered that the verdict forms be

3

amended to include the correct 461 case number, rather than the earlier (291) case number.

{¶ 6} A notice of appeal, bearing the 461 case number, was filed on November 13, 2008. We dismissed that appeal because it was filed out of rule. The Scioto County Clerk of Courts filed our dismissal entry with case number 461 hand-written on the entry. Later, we granted leave to pursue a delayed appeal. Materials filed in pursuit of such leave bear the trial court's 461 case number and display a handwritten case number of 09CA3291. We ultimately ruled that several of the offenses should have merged, as allied offenses of similar import, for purposes of sentencing and, thus, we affirmed in part and reversed in part the trial court's judgment. *State v. Creech*, 188 Ohio App.3d 513, 936 N.E.2d 79, 2010–Ohio–2553 (4th Dist.) (Creech I ).

{¶ 7} On June 1, 2011, appellant commenced the instant actions that form the basis for this appeal. Appellant filed a motion "to strike and vacate the supposed" jury verdicts and sentencing entry in case number 461. The gist of appellant's argument is that cases 291 and 461 never merged, that the only entry that set the case for trial was filed in 291 and that no trial was held in that case. Appellant further argued that all motions and continuances that would have extended the speedy trial limit were filed in 291 and, thus, if 461 is the actual case tried (in which no such motions or continuances had been filed), appellant's speedy trial rights had been violated.

{¶ 8} On July 14, 2011, appellant also filed a motion for leave to file "delayed petition for postconviction relief." In his motion, appellant stated that he adopted his arguments from the previous motion to vacate, but also sought leave if the court decided to treat that motion as a petition for postconviction relief. In view of the confusing nature of the two cases, the trial court held a hearing (November 9, 2011) to try to sort things out and get "a better understanding of the facts."

{¶ 9} On July 5, 2012, the trial court issued a detailed decision and judgment that overruled the motion to vacate and denied leave of court to file a postconviction relief petition out of rule. Among other things, the court determined the two cases, in essence, merged into one another, the change of case numbers on the verdict forms simply corrected a clerical error and that no structural deficiency occurred in the trial court proceedings. The court also held that appellant had not met the requirements for filing a delayed petition for postconviction relief. This appeal followed.

* * *

{¶ 30} The overall gist of appellant's argument appears to be that the 2008 jury trial was conducted in case number 291, but the judgment of conviction and sentence was entered in case number 461. Thus, appellant argues that he was convicted and sentenced without the panoply of trial rights that the Ohio and United States Constitutions affords [sic] him. We, however, disagree with appellant's argument that the trial was conducted in Case No. 291. On August 12, 2008, Case No. 461 was ordered consolidated with Lisa Pollitt's case. The 2008 transcripts reveal that counsel for both appellant and Pollitt appeared at the trial. When the jury pool appeared for voir dire, the trial judge informed them the "style of this case is State of Ohio versus Scott Creech and State of Ohio versus Lisa Pollitt." Pollitt's case was not consolidated with 291, but rather consolidated with 461, the case that was tried.

{¶ 31} We acknowledge, as appellant repeatedly emphasizes in his brief, that the notice scheduling the trial was filed in 291 rather than 461. The fact remains, however, that appellant and his trial counsel were present and participated at trial. Nothing in the record indicates that appellant objected to any misfiling of the notice, and appellant has not cited the record where he asked for, but was denied, additional time. Appellant also does not cite anything in the transcript or original papers to suggest that he was denied any other trial right guaranteed under the Ohio or United States constitutions. Consequently, we believe that the use of the 291 case number on the verdict forms (instead of 461) is a clerical mistake, and at worse a minor procedural error, that did not affect the "fundamental fairness of the entire proceeding."

{¶ 32} Once again, as appellant points out in his brief, we acknowledge the trial court did not formally consolidate the two cases. Nevertheless, these procedural mishaps neither deprived appellant of any fundamental rights nor fundamental fairness. Mislabeled case numbers on the jury verdict forms, and the placement of some filings in 291 and others in 461, are issues that could have been raised in the trial court where they could have been corrected and any alleged prejudice could have been alleviated. They were not. Appellant has not persuaded us that this rises to the level of plain error under Crim.R. 52(B), let alone structural, constitutional error.

*State v. Creech*, 2013-Ohio-3791, 2013 WL 4735469 (4th Dist. Aug. 27, 2013)(footnotes omitted);

appellate jurisdiction declined, 137 Ohio St. 3d 1475 (2014), cert. denied, 135 S.Ct. 250

(2014)("*Creech II*").

At this point in time Mr. Creech began proceeding *pro se*. He filed with the Fourth District a motion for extension of time to file an application for reopening the appeal (State Court Record ECF No. 10, PageID 967, et seq.). Because the appeal had been taken from denial of a collateral attack, the Fourth District held, on July 10, 2014, that Creech's claims were not cognizable under App. R. 26(B)(Entry, State Court Record ECF No. 10, PageID 990-91). Thus instructed, Creech filed, on October 29, 2014, an application to reopen his direct appeal. *Id.* at PageID 992, et seq. The Fourth District denied the application because it was untimely, but more important, because it attempted to argue issues from *Creech II* rather than *Creech I* (Entry, State Court Record ECF No. 10, PageID 1163-66).

In April 2015 Creech again sought leave to file under App. R. 26(B). *Id.* at PageID 1167-79. The Fourth District again denied leave on July 14, 2015 (Entry, State Court Record ECF No. 10, PageID 1220- 27). Before filing his 26(B) application in April, Creech filed his Petition here on March 19, 2015 (ECF No. 1-1, 5).

Creech's Petition proclaims that he has exhausted his state court remedies (ECF No. 5, PageID 175), but he also asked the Court either to adjudicate a mixed petition or to stay the habeas proceedings pending exhaustion (ECF Nos. 3, 7). Magistrate Judge Bowman ordered the State to answer (ECF No. 6). Although Respondent filed the state court record, she also moved to dismiss on statute of limitations grounds (ECF No. 11). By then the case had been transferred to the undersigned and Creech had been re-sentenced pursuant to the Fourth District's 2010 remand. This Magistrate Judge recommended denying the Motion to Dismiss without prejudice and ordered that an answer be filed (ECF No. 18). District Judge Barrett adopted that recommendation when no objections were filed (ECF No. 21).

In his Reply, Creech asked the Court to stay the case pending his direct appeal from the resentencing and the Magistrate Judge granted that relief on March 18, 2016 (ECF No. 23). Respondent's Fourth Status Report advised that the Ohio Supreme Court had declined review of the Fourth District's affirmance on re-sentencing and that Creech's application to reopen that appeal had been denied (ECF No. 35). The Court vacated the stay and ordered Creech to move to amend to raise any claims that had arisen during the resentencing proceedings (ECF No. 38). Creech responded that he still had to seek review in the Ohio Supreme Court (ECF No. 39). Nevertheless, he moved to amend (ECF No. 40) and that motion was granted without opposition (ECF No. 42). Respondent's Answer to the Amended Petition (ECF No. 43), and Petitioner's Amended Reply (ECF No. 46) brought the case to its present status.

# Analysis

**Grounds Six, Seven, Eight, and Nine**

**Further Stay Pending Exhaustion?**

As Respondent points out, the Amended Petition is a photocopy of the original Petition from PageID 2749 to PageID 2771, comprising Grounds for Relief One through Five. At the bottom of PageID 2772, Petitioner adds:

> The next 2 pages are per this Court's Scheduling Order filed on January 2, 2018, as Doc. #38. Providing this Court and the State of Ohio with 5 additional grounds that the Petitioner will argue once they are exhausted in the state courts as this Court granted a Stay to

permit in order to evaluate Mr. Creech's request for Habeas Corpus
relief on all the merits contained in the Grounds to be raised.

This language seems to imply Creech wants the stay reinstated to allow him to exhaust state court

remedies as to these five new grounds. This implication is strengthened by the Amended Reply

which advises that the Ohio Supreme Court has still not decided the appeal from the denial of

26(B) relief on resentencing (ECF No. 46, PageID 2821). At PageID 2828 he suggests that his

five new grounds for relief "are not exhausted and may give rise [to additional habeas claims], in

the future, after full and fair adjudication in the state courts." However, he does not point to any

pending or possible state court proceedings except the pending appeal to the Ohio Supreme Court

of the Fourth District's denial of his most recent 26(B) application. That case is docketed under

Case No. 2018-0190 and has been ripe for decision since the State waived its right to file a

memorandum in opposition on February 9, 2018. In order to be able to evaluate Creech's claims,

the Magistrate Judge has retrieved a copy of the Memorandum in Support of Jurisdiction filed by

Creech February 2, 2018, and had it made part of the record.

Having examined Creech's Supreme Court filings in Case No. 2018-0190, this Court

DECLINES to further stay consideration of this habeas corpus case pending the outcome of that

appeal. District courts have authority to grant stays in habeas corpus cases to permit exhaustion

of state court remedies in consideration of the AEDPA's preference for state court initial resolution

of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited
> circumstances. Because granting a stay effectively excuses a
> petitioner's failure to present his claims first to the state courts, stay
> and abeyance is only appropriate when the district court determines
> there was good cause for the petitioner's failure to exhaust his claims
> first in state court. Moreover, even if a petitioner had good cause for
> that failure, the district court would abuse its discretion if it were to
> grant him a stay when his unexhausted claims are plainly meritless.
> Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas

corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

Creech's unexhausted claim – ineffective assistance of appellate counsel – is plainly meritless. The Fourth District Court of Appeals explained at considerable length why the assignments of error that Creech claims were omitted by reason of ineffective assistance are not in fact even colorable. Those proposed assignments were:

**FIRST ASSIGNMENT OF ERROR:**

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS."

**SECOND ASSIGNMENT OF ERROR :**

"DEFENDANT' S ATTORNEY, RICHARD NASH, PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE RESENTENCING HEARING: AND WAS NOT PREPARED TO ARGUE THE MOTION TO DISMISS."

**THIRD ASSIGNMENT OF ERROR:**

"PROSECUTORIAL MISCONDUCT IN FAILING TO PROPERLY DECIDE WHICH COUNT(S) THE STATE OF OHIO INTENDED TO PURSUE PRIOR TO THE RESENTENCING HEARING AS REQUIRED BY LAW: DENYING THE DEFENDANT AND HIS ATTORNEY THE ABILITY TO PREPARE THEIR DEFENSE AND THEREFORE PREJUDICE

THE DEFENDANT'S DEFENSE IN THE RESENTENCING HEARING."

**FOURTH ASSIGNMENT OF ERROR:**

"THE TRIAL COURT ERRED IN NOT KEEPING WITH THE STATUTORY FACTORS IN O.R.C. 2941.25(A), WHEN IT ONCE AGAIN FOUND THE APPELLANT GUILTY OF ALL OF THE REMANDED SIX COUNTS OF ALLIED OFFENSES."

*State v. Creech*, Case No. 16CA3730 (4th Dist. Dec. 20, 2017)(copy at ECF No. 47.)

As to the first proposed assignment, the Fourth District held that the claim Creech wanted to make about delay in re-sentencing was without merit because it relied on a case, *State v. Bezak*, 114 Ohio St. 3d 94 (2007), which only applied to re-sentencing upon remand for improprieties in the imposition of post-release control. *Id* at PageID 2858. Moreover, the Fourth District had already decided on direct appeal that the speedy sentencing provisions of Ohio R. Crim. P. 32 did not apply to re-sentencing.

Creech's second proposed assignment of error was that his trial attorney on re-sentencing provided ineffective assistance and his appellate attorney was ineffective for not claiming ineffective assistance of trial counsel.[1] The Fourth District noted that it had already held on direct appeal that there was no speedy sentencing provision of Ohio law applicable to re-sentencing and thus it could not have been ineffective assistance of appellate counsel to fail to raise this claim. *Id.* at PageID 2859.

As to the third proposed assignment, the court concluded it had already held on direct appeal that, because the trial court had properly merged on remand the allied offenses of similar import, there could be no prejudice from the State's failure to give notice prior to the resentencing hearing, of what counts it would elect. *Id.* at PageID 2859.

---

[1] The second proposed assignment of error is argued purely as an ineffective assistance of trial counsel claim, but Ohio R. App. P. 26(B) is only available to raise claims of ineffective assistance of appellate counsel.

In his fourth proposed assignment, Creech wanted his appellate attorney to argue that the trial court erred when, on remand, it still found him guilty of all the offenses on which the jury had returned guilty verdicts. The Fourth District pointed out that Ohio Revised Code § 2941.25 allows a defendant to be found guilty on allied offenses of similar import; the State is only required to make an election after verdict. The appellate court had already held on direct appeal that the merger was proper. *Id.* at PageID 2860.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Here the Fourth District was presented with a federal constitutional claim – ineffective assistance of appellate counsel – which Creech has also raised in the Amended Petition. It applied the correct standard of review of counsel's conduct, to wit, the standard enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984)(See citation and explanation of *Strickland* at ECF No. 47, PageID 2861). Under *Strickland's* two-pronged standard, a complaining defendant must prove both deficient performance by his attorney and resulting prejudice. The Fourth District found neither deficient performance nor prejudice because the underlying issues had in fact already been decided on direct appeal contrary to Creech's position. Because this was a thoroughly reasonable application of *Strickland*, this Court must defer to it. Therefore the Court declines to stay these proceedings pending judgment in the Ohio Supreme Court.

**The Merits of Ground Six, Seven, Eight, and Nine**

The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996, provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." The warden may waive exhaustion by counsel's conduct which "manifested a clear and unambiguous intent to waive the requirement." *D'Ambrosio v. Bagley,* 527 F.3d 489, 496 (6th Cir. 2008). Respondent's position in the Amended Answer clearly waives any further exhaustion of these claims in the Ohio courts. (ECF No. 43, PageID 2800 et seq.)

For the reasons already given, these four Grounds for Relief are also without merit. That is, the Fourth District's decision on these claims is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedential holdings and therefore is entitled to deference under 28 U.S.C. § 2254(d).

**The First Five Grounds for Relief**

In his original and Amended Petitions, Creech raised the following five grounds for relief:

> **GROUND ONE:** The Ohio State Courts erred to the prejudice of petitioner by denying and affirming said denial; his Motion to Vacate his illegal conviction and sentence; and further by not finding that petitioner's judgment in Case No. 08 CR 461 was Void Ab Initio, and as such could be vacated at any time. This Habeas Court must provide de novo review of the Ohio State Court's actions and decisions violating petitioner's 5th, 6th, and 14th Amendment rights under the United States Constitution.

**GROUND TWO:** The Ohio State Courts erred and abused their discretion by not vacating petitioner's judgment of conviction and sentence; as the Termination Entry failed to conform to mandates of Ohio Law.

**GROUND THREE:** The Ohio State Courts erred by allowing the judgment of conviction and sentence to stand; as this judgment violated his statutory and constitutional speedy trial rights under the 5th, 6th and 14th Amendments of the United States Constitution.

**GROUND FOUR:** Due process requires full and fair litigation. The petitioner was denied due process and access to the courts in Ohio and was prejudiced by said denial; when the Ohio State Courts erred by denying his motion for leave to file a petition for post conviction relief, and then affirming that denial.

**GROUND FIVE:** The petitioner was deprived of effective representation of counsel in all state court proceedings. The facts herein support this determination and outcome. The Ohio State Courts erred and abused their discretion by denying him the right to Re-Open his appeal based on ineffective assistance of appellate counsel in both 09-CA-3291 and 12-CA-3500. More specifically, these cumulative errors so greatly prejudiced petitioner that a different outcome would have resulted, but for these issues and assignment of errors not presented by counsel. Moreover, under Cumulative Error Doctrine, petitioner was denied his constitutional right to fair proceedings in Ohio courts.

(Amended Petition, ECF No. 41).

All five of these claims are based on Creech's confusion-of-case-numbers argument. That is, he claims that he was tried and convicted in Case No. 08 CR 291, but the judgment was entered in Case No. 08 CR 461. This claim is an extraordinary example of elevating form over substance. What the Fourth District has classified as a mere clerical error, Petitioner has elevated into an invasion of his fundamental rights. Because habeas corpus does not address clerical errors in state court proceedings unless they actually result in the deprivation of constitutional rights, Petitioner's confusion-of-case-numbers argument does not warrant habeas relief, as is shown below for each of the first five grounds for relief.

**Ground One:  Denial of the Motion to Vacate**

In his First Ground for Relief, Petitioner argues the Ohio courts should have granted his Motion to Vacate his conviction.  This claim was first raised by Attorney Gaba in the June 2011 filing and consisted of claiming that the confusion of case numbers from the two indictments meant that Creech had never been tried in Case 08CR461.  In the portion of *Creech II* quoted above, the Fourth District concluded that this was merely a clerical error that in any event had caused Creech no harm.

In support of Ground One, Creech argues that a court has the power to vacate a void judgment (Amended Petition, ECF No. 41, PageID 2759).  That is an unexceptionable premise of law, but it does not apply to this case in any way.  Creech seems to be arguing that, because of the confusion of case numbers, the judgment of conviction was void.  But the Fourth District in *Creech II* held this was not the case and that Creech's constitutional arguments about the number confusion could only be raised in a petition for post-conviction relief, i.e., in a proceeding which would declare the judgment voidable, not void.  Moreover, the Court also held that Creech's post-conviction petition, the companion to his motion to vacate, was untimely and the time limits in Ohio Revised Code § 2953.23 are jurisdictional.

Creech repeats in his Amended Petition the argument that this confusion of numbers was structural error (ECF No. 41, PageID 2761).  However, the Fourth District in *Creech II* properly held there was no structural, but merely clerical error which did not prejudice Creech.  Creech's approach to arguing this claim is very formal:  the confusion of numbers means he was never tried in the 461 case and "this act – alone – violates any concept of due process or equal protection and

constitutes a clear fundamental miscarriage of justice." But he never tries to explain what the prejudice was, e.g., how he was not given proper notice of the charges or enabled to defend himself. Clerical error does not amount to a fundamental miscarriage of justice. Creech's First Ground for Relief is without merit.

**Ground Two: Failure of the Ohio Courts to Vacate the Conviction**

Creech begins his argument on Ground Two by asserting the Ohio courts in this case did not follow their own rules, to wit, Ohio R. Crim. P.32(C) which sets the form of criminal judgment in Ohio. It turns out on examination that this is a reprise of the case number confusion argument (Amended Petition, ECF No. 41, PageID 2763). He concludes:

> This District Court, sitting as a Habeas Court, must correct these errors and rule that the Judgment Entry entered against Scott D. Creech fails to comply -on its face - with the mandates of Ohio law. This Judgment must be vacated and the conviction and sentence set aside.

*Id.* at PageID 2764.

Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). Even if Creech had shown a

violation of state law, that would not elevate a claim about confused case numbers to the level of a violation of the Fourteenth Amendment.

As noted with respect to Ground One, the Fourth District held the number confusion was not a violation of Ohio law and that it had been appropriately corrected by Judge Harcha. It also found no prejudice and Creech has not shown any.

Moreover, the Fourth District upheld a procedural bar in that the petition for post-conviction relief was too late. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L.

Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. *See McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio clearly has an interest in finality of criminal judgments, one which is properly upheld by placing a time limit on filing petitions for post-conviction relief. The Fourth District enforced that bar on Creech in this case and he has not shown any excusing cause and prejudice.

Therefore Creech's Second Ground for Relief should be dismissed with prejudice.


**Ground Three: Speedy Trial**


In his Third Ground for Relief, Creech argues again that he was denied a speedy trial by the number confusion. Specifically, he claims he remained in jail from March 31, 2008, when first indicted for 291 days until tried on September 29, 2008. "Although Motions filed, including motions for continuance, would perhaps toll the time for speedy trial purposes in 291, nothing was filed to trigger the tolling of time in 461." (Amended Petition, ECF No. 41, PageID 2764). Once again this argument elevates form over substance. He claims that "[g]iven the confusion between the two cases, he never was able to assert his rights." But he presents no evidence of any confusion by his attorneys or different arguments that could have been made if the numbers were correct, etc.

He of course did not raise this number confusion issue until 2011 and was held to be barred by the statute of limitations. He blames this on ineffective assistance of trial counsel and ineffective assistance of appellate counsel. If the number confusion issue were a matter of real rights or prejudice, he might have a point. But it is pure formality. Ground Three is without merit.

**Ground Four: Denial of Leave to File Post-Conviction Petition**


In this Ground for Relief, Creech takes issue with the holding in *Creech II* that the time limit in Ohio Revised Code § 2953.23(A) is jurisdictional. That is a question of Ohio law on which the federal courts are bound by state court determinations. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall Ch. J.); *Bickham v. Winn*, ___ F.3d ___, 2018 WL 1902612 (6th Cir. Apr. 23, 2018)(Thapar, J., concurring).

Creech relies on *Klopfer v. North Carolina*, 386 U.S. 213 (1967), for the proposition that the federal constitutional right to a speedy trial applies to the States, but *Klopfer* provides no basis for relief here. *Klopfer* does not hold that the States cannot impose reasonable time limits on assertion of the right to a speedy trial. Ground Four is without merit.


**Ground Five: Ineffective Assistance of Counsel; Cumulative Error**


Creech asserts in Ground Five that he was "deprived of effective representation of counsel in all state court proceedings." (Petition, ECF No. 41, PageID 2769.)

First he claims his first appellate counsel, Claire Cahoon, "never asserted his right to be re-sentenced on the allied offenses." *Id.* This argument is belied by the appellate brief Ms. Cahoon filed which specifically raises assignments of error about allied offenses of similar import and was

successful in obtaining a remand for resentencing (State Court Record ECF No. 10, PageID 338 et seq.)  Second, if Creech believes Ms. Cahoon provided ineffective assistance of appellate counsel, he never raised that claim by the appropriate vehicle in Ohio law, an application to reopen the appeal under Ohio R. App. P. 26(B), and so he has procedurally defaulted that claim.  A claim of ineffective assistance of appellate counsel, before being brought in habeas corpus, must first be presented to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Next he claims ineffective assistance from his second appellate attorney.  "This deprivation was further compounded by his second appellate counsel, Elizabeth Gaba, who failed and refused to assert these rights ordered by the Court of Appeals in Case No. 09-CA-3291."  (Amended Petition, ECF No. 41, PageID 2769.)  But Ms. Gaba represented Mr. Creech in his 2011 efforts to get the judgment vacated because of the number confusion.  Any failure on her part to assert other claims that she did not make is not ineffective assistance of appellate counsel because that constitutional right only applies to proceedings in which one is entitled to effective assistance under the Sixth Amendment, to wit, trial and direct appeal.  Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment.[2]  *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Under this Fifth Ground for Relief, Creech claims he is serving prison time for "crimes he did not commit."  (ECF No. 41, PageID 2770.)  "His sentence is so unjust; it must be set aside and this

---

[2] But see *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), neither of which is argued here although the state court construed Creech's Motion to Strike and Vacate, etc. (ECF No. 10, PageID 574, et seq.) as, in part, a petition for post-conviction relief.  (Decision and Judgment Entry on Motion to Strike and Vacate, and Motion for Postconviction Relief, ECF No. 10, PageID 722, et seq.)

clear argument can be asserted at any time. There is no time limit for the correcting of an illegal sentence. These arguments cannot be barred by *res judicata*." *Id.* That just is not the law. A claim that a sentence is unconstitutional cannot be brought in habeas corpus unless it is brought within the time allowed by 28 U.S.C. § 2244. And a claim that one is actually innocent[3] does not state a ground upon which habeas corpus relief can be granted. *Herrera v. Collins*, 506 U.S. 390 (1993).

Under Ground Five he also makes a brief cumulative error argument. (Amended Petition, ECF No. 41, PageID 2770). Cumulative error is not a basis for granting habeas relief in non-capital cases. *Eskridge v. Konteh*, 88 F. App'x 831, 836 (6th Cir. 2004).

Ground Five is without merit.

## Ground Ten for Relief Added by the Amended Petition

In his Amended Petition, Creech added five grounds for relief. Grounds Six, Seven, Eight, and Nine are dealt with above.

> **GROUND TEN** Petitioner was denied the Effective Assistance of Appellate Counsel in case number 16-CA-3730 - Fourth Appellate Court for Scioto County, when counsel on appeal refused to address his client's assignment of errors, even after signing a Attorny-Client [sic] Agreement to do such thereby, Petitioner was denied his Sixth and Fourteen[th] Amendment Rights.

(ECF No. 41, PageID 2773-74.)

As Respondent points out, this Ground for Relief is very cursory – it gives the Court no facts on which to base a decision. Creech does not plead what assignments of error were omitted

---

[3] As Respondent points out, Petitioner presents no new evidence of actual innocence.

or offer any argument as to why they are meritorious. Nor does he explain why he did not include this claim in his most recent 26(B) application to the Fourth District. The Tenth Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 8, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).