# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

           Petitioner,     :     Case No. 1:15-cv-193

  - vs -                             District Judge Michael R. Barrett
                                           Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                     :

           Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 53) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (Report, ECF No. 48). District Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 54).

**Procedural History**[1]

Petitioner was indicted April 30, 2008, on a number of drug and weapons charges. Convicted by a jury, he was sentenced to an aggregate term of nineteen years imprisonment. The conviction was affirmed on direct appeal. *State v. Creech*, 188 Ohio App. 3d 513 (4th Dist. June 1, 2010)("*Creech I*"), appellate jurisdiction declined, 126 Ohio St. 3d 1600 (2010). In June 2011, he

---

[1] The history is recounted in fuller detail in the Report (ECF No. 48, PageID 2863-69).

began attacking his convictions, both by a motion to vacate the judgment and by motion for delayed post-conviction relief, on the ground that a mistake in the case numbers on the verdicts rendered them void. The trial court denied both motions and the Fourth District affirmed. *State v. Creech*, 2013-Ohio-3791, 2013 WL 4735469 (4th Dist. Aug. 27, 2013)( appellate jurisdiction declined, 137 Ohio St. 3d 1475 (2014), cert. denied, 135 S.Ct. 250 (2014)("*Creech II*").

In 2010 the Fourth District had remanded the case for resentencing. In his Reply, Petitioner asked that the case be stayed pending direct appeal from the resentencing; that request was granted on March 18, 2016 (ECF No. 23). On the Magistrate Judge's order, the Respondent was filing status reports. In the Fourth Status Report, Respondent advised that the Ohio Supreme Court had declined review of the Fourth District's affirmance on resentencing and the Fourth District had also denied Petitioner's 26(B) Application to reopen the direct appeal (ECF No. 35).

At that point the Court vacated the stay and ordered Petitioner to move to amend his petition to raise any claims that had arisen during the resentencing proceedings (ECF No. 38). Petitioner responded that he still had to seek review in the Ohio Supreme Court of the denial of his 26(B) Application (ECF No. 39). Nevertheless, he moved to amend (ECF No. 40) and that motion was granted without opposition (ECF No. 42). Respondent answered the Amended Petition (ECF No. 43) and Petitioner filed an Amended Reply (ECF No. 46). This made the case ripe and the Magistrate Judge recommended dismissing the petition with prejudice and denying Creech a certificate of appealability on May 8, 2018 (ECF No. 48).

# Analysis

**Objection One: Report Issued While This Case Was Stayed**

Petitioner first objects that the Report "incorrectly states that Petitioner's Motion for Stay and Abeyance has been vacated." (Objections, ECF No. 53, PageID 2891.) On December 27, 2017, the Warden filed a Fourth Status Report which noted that the Supreme Court of Ohio had not accepted Petitioner's appeal on re-sentencing and that the Fourth District had denied his 26(B) Application (ECF No. 35, PageID 2538). The same day, concluding that the state court proceedings were complete, the Magistrate Judge vacated the stay and found the case ripe for decision (ECF No. 36). Creech responded with a Motion to File Documents to Supplement the Record which includes the statement that the Petition "will have to be amended to incorporate the new issues being exhausted now in the lower courts of the State of Ohio." (ECF No. 37.) The Magistrate Judge then ordered Petitioner to file by January 29, 2018, a motion for leave to amend which shall have attached a complete proposed amended petition." (Scheduling Order, ECF No. 38, PageID 2712.) The Stay was never reinstated.

On February 1, 2018, Petitioner filed his Motion to Amend, stating he was providing

> possible additional claims based on the events surrounding the resentencing hearing and the deficiencies of both trial and appellate counsel. These deficiencies are what were addressed in Petitioner's Application to Reopen pursuant to App. R. 26(B), which will be on appeal to the Ohio Supreme Court within the next 30 days.[2]

(ECF No. 40, PageID 2719-20.) Then, having been ordered to file "a complete proposed amended

---

[2] This statement confirms the accuracy of the Warden's statement in the Fourth Status Report that nothing was pending in the Ohio courts when that document was filed on December 27, 2017.

petition," Creech reproduced his original Petition and added five grounds at the end (see ECF No. 40-1, which bears the Clerk's date stamps for both March 19, 2015, and February 1, 2018).

The Warden did not oppose the Motion to Amend and it was granted on February 28, 2018, along with dates to complete the briefing (ECF No. 42).

On May 8, 2018, the Magistrate Judge ordered the record expanded to include the following:

1. Creech's Memorandum in Support of Jurisdiction in the Supreme Court of Ohio, filed February 2, 2018 (ECF No. 47, PageID 2832-49.
2. The Fourth District's denial of the 26(B) Application, filed December 20, 2017. *Id.* at PageID 2850-62.

(Report and Recommendations, ECF No. 48, PageID 2870.)

The next day\, the Ohio Supreme Court declined jurisdiction over the 26(B) appeal. *State v. Creech*, 2018-Ohio-1153, 152 Ohio St. 3d 1466, 2018 Ohio LEXIS 1153 (2018). Creech calls the Report "preemptive" because it was decided the day before the Supreme Court of Ohio acted (Objections, ECF No. 53, PageID 2894). However, the Ohio Supreme Court decided nothing about the merits; its entire opinion reads "APPEAL[] NOT ACCEPTED FOR REVIEW." Obviously the Report had no effect on the Ohio Supreme Court's decision.

A thread running through the Objections is Petitioner's apparent belief that he had a right to a stay until every possible state proceeding was complete. However, a stay of habeas proceedings to permit exhaustion is discretionary with a District Court.

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay

4

> and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*. at 277. The Court also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. *Id*. at 278.

A habeas case may be stayed under *Rhines* only when there is good cause to do so. When the good cause for the stay has disappeared, it should be vacated and the federal proceedings completed. The only issues which could be raised in Creech's 26(B) Application were issues of ineffective assistance of appellate counsel on appeal from the re-sentencing. When those issues had been decided by the Fourth District, good cause for further delay evaporated and the stay was vacated (ECF No. 36). The chance that the Supreme Court of Ohio would accept jurisdiction and reverse on the ineffective assistance of appellate counsel claims was vanishingly small and adjudication of this case had already been delayed more than three years. It was appropriate to move forward to advance the AEDPA goal of finality in habeas cases. Even if it had been error to vacate the stay in December 2017, Petitioner suffered no harm because the Ohio Supreme Court refused to hear his appeal.

5

**Objection Two: "Issues and Arguments that Still Need to be Presented to this Court"**

Petitioner devotes most of his Objections to claims of ineffective assistance of counsel. He recites at length how the initial search warrant was unconstitutional (Objections, ECF No. 53, PageID 2896-99). He then asserts his first trial attorney, Richard Nash, provided ineffective assistance of trial counsel when he "failed to exercise Petitioner's right to a suppression hearing" to have the evidence seized pursuant to that warrant excluded. *Id.* at PageID 2900. Moreover, he claims the confidential informant and investigating detectives should have been deposed. *Id.*

A substitute trial attorney, James Boulger, is said to have filed a motion to suppress but not to have appeared for a hearing on the motion. *Id.* at PageID 2902. Boulger is also alleged not to have communicated with Creech. *Id.* at PageID 2903-04. Importantly, Creech says these and the "Additional Arguments" beginning on PageID 2905, "would have also been incorporated in Petitioner's Amended Petition had he been given the opportunity to do so after the state court proceedings had been exhausted as required by AEDPA." *Id.* Thus, even though Creech had been ordered to file a motion to amend with a "complete proposed amended petition," he now says he did not do so and that he had more issues he wanted to add after the Supreme Court of Ohio finished with his 26(B) appeal. However, Creech never again moved to amend after January 2008, either before or after the Supreme Court denied his appeal.

Under "Additional Arguments," Creech claims the physical evidence was mishandled, was planted on his property, and was not subject to usual chain of custody requirements. *Id.* at PageID 2905.

Attorney Boulger missed the appeal date and Creech had to have Public Defender Claire

Cahoon appointed to filed for a delayed appeal. Creech asserts she committed ineffective assistance of appellate counsel by only raising an assignment of error about allied offenses of similar import. *Id.* at PageID 2908.

Petitioner also complains of ineffective assistance of appellate counsel by attorney Elizabeth Gaba whose ineffectiveness is said to consist in failing to charge attorney Cahoon with ineffectiveness for failing to charge trial attorneys Nash and Boulger with ineffectiveness. *Id.* at PageID 2911-13. Petitioner concludes "The truth of the matter is the case is now ripe for the Petitioner to present a petition that can now include all exhausted state court remedies." *Id.* at PageID 2913.

Petitioner's Objections show that he completely misunderstands the exhaustion doctrine. That doctrine requires a federal court not to decide a habeas corpus claim for which the petitioner has an available state court remedy. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). When a petitioner files a "mixed" petition with some exhausted and some unexhausted claims, it was the law before the AEDPA that the whole petition must be dismissed. *Rose v. Lundy,* 455 U.S. 509 (1982). This rule did not prevent eventual habeas corpus review on the merits because there was no limit on the number of petitions a defendant could file and no statute of limitations. The AEDPA changed that by adopting a one-year statute of limitations and requiring circuit court approval before a second habeas application could be filed.

In *Rhines, supra,* the Supreme Court provided relief from this dilemma: a petitioner could file his habeas petition within the one-year time limit and then seek a stay as to those claims which had not yet been exhausted. The AEDPA does not allow a habeas petitioner to bring some claims, seek a stay to exhaust those claims, then when exhaustion is complete file a new petition which presents new claims never before pleaded in federal court.

7

That is what Petitioner Creech is trying to do. When he filed his Petition in March 2015, he raised only Grounds One through Five. The Report analyzes these claims as all relating to Creech's confusion-of-case-numbers claim and he does not object to that analysis. The Report explains in detail why those five grounds are without merit, basically because, as the Fourth District Court of Appeals held, it was mere clerical error and never impinged on any substantial right (Report, ECF No. 48, PageID 2876-83).

The only mention of ineffective assistance of counsel in these five Grounds is the shotgun statement in Ground Five that "The petitioner was deprived of effective representation of counsel in all state proceedings." This Ground also claims appellate court error for not allowing his 26(B) applications in both appellate cases and "cumulative error." A habeas petitioner cannot make a broad brush allegation of ineffective assistance involving five lawyers with no detail and then expect to amend more than three years later by putting flesh on the bones of those allegations.

Most of Creech's claims of ineffective assistance relate to communications he had with his attorneys that are not on the record, e.g., arguments they should have made in favor of suppression in the trial court. But under Ohio law, these off-record facts must be presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Creech's post-conviction petition was dismissed as untimely (Decision of July 5, 2012, State Court Record, ECF No. 10, PageID 722, *et seq.*; aff'd, *State v. Creech, id.* at PageID 895, *et seq.*). And in any event, Creech's untimely post-conviction petition contained none of these claims of ineffective assistance of trial counsel relating to suppression matter (see State Court Record, ECF No. 10, PageID 574 and 661).

In sum, Petitioner's new claims of ineffective assistance of trial counsel relating to suppression matter are barred by the statute of limitations: they are being made for the first time more than one year after his re-sentencing became final on direct appeal. Moreover, they are

That is what Petitioner Creech is trying to do. When he filed his Petition in March 2015, he raised only Grounds One through Five. The Report analyzes these claims as all relating to Creech's confusion-of-case-numbers claim and he does not object to that analysis. The Report explains in detail why those five grounds are without merit, basically because, as the Fourth District Court of Appeals held, it was mere clerical error and never impinged on any substantial right (Report, ECF No. 48, PageID 2876-83).

The only mention of ineffective assistance of counsel in these five Grounds is the shotgun statement in Ground Five that "The petitioner was deprived of effective representation of counsel in all state proceedings." This Ground also claims appellate court error for not allowing his 26(B) applications in both appellate cases and "cumulative error." A habeas petitioner cannot make a broad brush allegation of ineffective assistance involving five lawyers with no detail and then expect to amend more than three years later by putting flesh on the bones of those allegations.

Most of Creech's claims of ineffective assistance relate to communications he had with his attorneys that are not on the record, e.g., arguments they should have made in favor of suppression in the trial court. But under Ohio law, these off-record facts must be presented in a petition for post-conviction relief under Ohio Revised Code § 2953.21. Creech's post-conviction petition was dismissed as untimely (Decision of July 5, 2012, State Court Record, ECF No. 10, PageID 722, *et seq.*; aff'd, *State v. Creech, id.* at PageID 895, *et seq.*). And in any event, Creech's untimely post-conviction petition contained none of these claims of ineffective assistance of trial counsel relating to suppression matter (see State Court Record, ECF No. 10, PageID 574 and 661).

In sum, Petitioner's new claims of ineffective assistance of trial counsel relating to suppression matter are barred by the statute of limitations: they are being made for the first time more than one year after his re-sentencing became final on direct appeal. Moreover, they are

procedurally defaulted because they were never presented to the Ohio courts in a petition for post-conviction relief.

**Objection Three: Responses to Report's Conclusions on Grounds Actually Pleaded**

As just noted, most of Mr. Creech's Objections are devoted to arguing ineffective assistance of trial counsel claims he never made in the state courts. However, he does take issue with one particular conclusion of the Report on a ground he actually pleaded. The only claim that was unexhausted at the time the Report was filed was the claim of ineffective assistance of appellate counsel that Creech made in his last 26(B) Application. The Fourth District explained at length that he had not suffered ineffective assistance of appellate counsel because the omitted assignments of error were without merit. In substance the underlying claim was to a right to a speedy resentencing proceeding: Creech's re-sentencing on remand after his first appeal had been delayed five years. The Fourth District held there was no ineffective assistance of appellate counsel in failing to raise this claim because Creech was not entitled to a full re-sentencing hearing under the precedent he cited, *State v. Bezak*, 114 Ohio St. 3d 94 (2007), because that case only applied to re-sentencing for improper imposition of post-release control and Creech's remand was for merger of allied offenses under Ohio Revised Code § 2941.25.

Creech objects that both the Fourth District and the Magistrate Judge considered only state law on timely resentencing and he was entitled to speedy resentencing under federal law (Objections, ECF No. 53, PageID 2909, citing *United States v. Thomas,* 167 F.3d 299 (6th Cir. 1999). That case did recognize that there is a Sixth Amendment right to a speedy re-sentencing on remand, but found the delay in Thomas's case was not unreasonable and in any event caused no prejudice. Creech invites this Court to find that the longer delay in his case was unreasonable.

9

However, he points to no resulting prejudice, other than his rejected-under-state-law claim that he was entitled under *Bezak, supra*, to a full re-sentencing hearing. And *Thomas* was before the Sixth Circuit on direct appeal at that time. To obtain habeas relief, Creech would have to show clearly established Supreme Court, not Sixth Circuit, precedent on speedy resentencing.

In support of his Objections, Petitioner attaches fifteen pages of exhibits (ECF No. 53, PageID 2917-31). They cannot be considered here because (1) he has never sought or obtained leave of court to expand the record in this way; and (2) in any event consideration of these documents, most of which were not before the state courts when they decided the case, is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**Conclusion**

Based on this analysis, the Magistrate Judge respectfully recommends Petitioner's Objections be overruled and the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 5, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).