# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

                Petitioner,      :      Case No. 1:15-cv-193

    - vs -                            District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                    :

                Respondent.

## ORDER DENYING MOTION TO AMEND OR STAY

This habeas corpus case is pending decision by District Judge Barrett on the Magistrate Judge's Report and Recommendations (ECF No. 48) and Supplemental Report and Recommendations (ECF No. 55). Petitioner has now moved to amend the Petition and/or stay the proceedings and/or hear a mixed petition (ECF No. 66).

This habeas corpus case was filed more than three and one-half years ago, on March 19, 2015. A year later on March 18, 2016, the Magistrate Judge, at Petitioner's request and over Respondent's objection, stayed these proceedings pending the outcome of Petitioner's then-pending appeal (Order, ECF No. 23, PageID 2075). On December 27, 2017, the Magistrate Judge vacated the stay (ECF No. 36). Recognizing Petitioner's desire to amend, the Court ordered him to move to amend not later than January 29, 2018, and to show why amendments would not be time-barred (ECF No. 38). Petitioner then moved to amend (ECF No. 40). When Respondent did not oppose that motion, the Court granted it and Petitioner filed an Amended Petition (ECF No.

1

41).  After an Amended Answer (ECF No. 43) and Amended Reply (ECF No. 46), the Magistrate Judge filed the initial Report and Recommendations (ECF No. 48).  Part of Creech's Objections was that he still had claims not yet presented to the state courts.  In the Supplemental Report after recommittal, the Magistrate Judge wrote "[a] thread running through the Objections is Petitioner's apparent belief that he had a right to a stay until every possible state proceeding was complete.  However, a stay of habeas proceedings to permit exhaustion is discretionary with a District Court." (ECF No. 55, PageID 2936.)

In the instant Motion, Petitioner again seeks a stay pending the outcome of state court proceedings, this time a "Motion to Vacate Void Judgment" in the Scioto County Court of Common Pleas (ECF No. 66, PageID 3025).  He has not provided this Court with a copy of that Motion nor an outline of the claims made in it nor any suggestion of a reason why it might be well taken by the trial court.  Moreover, Mr. Creech has sought leave to amend "to present all constitutional claims" without saying what those claims are.

**Motion to Amend**

Under 28 U.S.C. § 2242, a habeas corpus petition may be amended under the same rules for amending a complaint in a civil action.  The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or

> dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.").

Creech has been advised previously in this case that the proper procedure for a motion to amend is to attach to that motion the proposed amended petition. He has not done that. Without

such a filing, the Court cannot tell whether or not the amendment would be futile. Moreover, the Magistrate Judge has in the past ordered Petitioner to show why new claims are not time barred and the instant Motion contains no attempt at such a showing.

Finally, a motion to amend may be denied if the movant has a dilatory motive. To move to amend when the case is already pending on dispositive reports and recommendations plainly evinces such a motive.

Accordingly, the Motion to Amend is DENIED.

**Motion to Stay**

A district court's authority to stay a habeas proceeding pending state court action is recognized in *Rhines v. Weber*, 544 U.S. 269 (2005). The same case limits our authority to stay to situations where there is good cause for a petitioner's failure to exhaust before coming to federal court. Creech has not done so. Nor has he shown there is any merit to the claims he has now made in the trial court. Indeed, as noted above, he has not even told this Court what those claims are. The Motion to Stay is therefore also DENIED.

October 3, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge