# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Scott D. Creech,

      Petitioner,

      v.

Warden, Chillicothe Correctional Institution,

      Respondent.

Case No.: 1:15-cv-193

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's May 8, 2018 Report and Recommendations ("R&R") (Doc. 48) and July 5, 2018 Supplemental R&R (Doc. 55).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed Objections to the R&R (Doc. 53) and the Supplemental R&R (Doc. 60).

Also before the Court is Petitioner Objections (Doc. 65) to the Magistrate Judge's September 3, 2018 Notation Order denying Petitioner's Motion to Expand the Record (Doc. 64); and Petitioner's Objections (Doc. 68) to the Magistrate Judge's October 3, 2018 Order denying Petitioner's Motion to Amend or Stay (Doc. 67).

For the reasons stated below, the Court OVERRULES Petitioner's Objections to the Magistrate Judge's May 8, 2018 R&R and July 5, 2018 Supplemental R&R. The

Court also OVERRULES Petitioner's Objections to the Magistrate Judge's September 3, 2018 and October 3, 2018 Orders.

## I. BACKGROUND

The factual and procedural history of this case is set forth in the Magistrate Judge's May 8, 2018 R&R and July 5, 2018 Supplemental R&R, and the same will not be repeated except to the extent necessary to address Petitioner's objections.

This matter arises out of Petitioner's *pro se* habeas action brought pursuant to 28 U.S.C. § 2254 to obtain relief from his convictions in the Scioto County Common Pleas Court on charges of (1) the illegal possession of chemicals for manufacture of methamphetamine, (2) the illegal manufacture of drugs, (3) having a weapon (a rifle) while under disability, (4) having a weapon (detonation cord) while under disability, (5) having a weapon (sensitized ammonium nitrate) while under disability, (6) having a weapon (blasting caps) while under disability, (7) unlawful possession of dangerous ordnance (sensitized ammonium nitrate), (8) unlawful possession of dangerous ordnance (blasting caps), (9) unlawful possession of dangerous ordnance (detonation cord), and (10) illegally manufacturing or processing explosives.

Petitioner has set forth ten grounds for relief in his Amended Petition. The Magistrate Judge recommends denying relief on all ten grounds and dismissing the Petition with prejudice.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate

judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Motion to Expand the Record

Petitioner maintains that he should be permitted to submit evidence of the illegal search of his home by the Scioto County Sherriff's Office which took place on March 18th and 19th of 2008. Petitioner explains this would support his claim that trial counsel was ineffective in arguing the motion to suppress. However, as the Magistrate Judge explained, any new claims of ineffective assistance of counsel related to the suppression motion are barred by the statute of limitations and are procedurally defaulted. (Doc. 55, PAGEID# 2940-2941).

The Court finds no error in this conclusion. Federal habeas petitions are governed by a one-year statute of limitations that runs from the "date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This one-year period may be tolled for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, because Petitioner's post-conviction petition was untimely, it was not "properly filed" under state law, and did not serve to toll the running

3

of the statute of limitations under § 2244(d)(2). *See Ayala v. Dewitt*, 26 F. App'x 379, 380 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 363-64, 148 L.Ed.2d 213 (2000)). Petitioner does not argue to the contrary. Therefore, any evidence pertaining to Petitioner's ineffective assistance of counsel claim based on suppression issues would not be properly admitted into the record. Accordingly, Petitioner's objections to the Magistrate Judge's Order denying Petitioner's Motion to Expand the Record are OVERRULED.

### C. Motion to Amend or Stay

Petitioner filed his Petition in this Court on March 19, 2015. This Court stayed the case while Petitioner pursued his direct appeal from resentencing. (Doc. 23). After the Ohio Supreme Court declined review, this Court vacated the stay and ordered Petitioner to move to amend the Petition to include any claims which may have arisen during the resentencing appeal. (Doc. 38). Petitioner was granted leave to amend. (Doc. 42). Petitioner seeks to stay these proceedings again and amend his Petition in order to include "all his constitutional claims."

In denying Petitioner's Motion to Amend or Stay, the Magistrate Judge explained that Petitioner has failed to inform the Court what his proposed new claims are so that the Court can determine whether or not the amendment would be futile, or whether a stay would be warranted. Moreover, the Magistrate Judge explained that a motion to amend may be denied if the movant has a dilatory motive; and Petitioner's motion to amend when the case is already pending on dispositive reports and recommendations plainly evinces such a motive.

4

In his Objections, Petitioner explains that he understood that his previous Amended Petition would only be a proposed draft and not ripe for decision because his state-court proceedings where not completed until May 9, 2018.

In his May 8, 2018 R&R, the Magistrate Judge explained that Petitioner's only unexhausted claim is ineffective assistance of appellate counsel. The Magistrate Judge explained that under *Strickland's* two-pronged standard, a complaining defendant must prove both deficient performance by his attorney and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Fourth District found neither deficient performance nor prejudice because, contrary to Petitioner's position, the underlying issues had in fact already been decided on direct appeal. The Magistrate Judge concluded that this was a reasonable application of *Strickland*, and this Court must defer to it. Therefore, the Magistrate Judge declined to stay these proceedings pending judgment in the Ohio Supreme Court.

Petitioner argues that this ruling was "preemptive" because it was entered the day before the Ohio Supreme Court declined jurisdiction over his Rule 26(b) appeal. However, as the Magistrate Judge explained, Petitioner did not move to amend either before or after the Supreme Court denied his appeal. Moreover, as the Magistrate Judge explained, under *Rhines v. Weber*, 544 U.S. 269 (2005), a federal court's authority to stay a habeas proceeding pending state court action is limited to situations where there is good cause for a petitioner's failure to exhaust before coming to federal court. The Court finds no error in the Magistrate Judge's conclusion that Petitioner has not shown good cause for his failure to exhaust, or even what claims he seeks to bring.

5

Accordingly, Petitioner's objections to the Magistrate Judge's Order denying Petitioner's Motion to Stay are OVERRULED.

### D. Ground One

In Ground One, Petitioner claims the Ohio courts should have granted his Motion to Vacate his conviction. Petitioner's claim is based upon confusion regarding the case numbers in his underlying criminal case. Specifically, Petitioner was tried and convicted in Case No. 08 CR 291, but the judgment was entered in Case No. 08 CR 461.

The Magistrate Judge concluded that the Ohio Fourth District Court of Appeals properly held there was no structural, but merely clerical error. The Magistrate Judge explained that Petitioner had not established that he was entitled to habeas relief based on the clerical error. The Court finds no error in this conclusion. *Accord Partee v. Stegall*, 8 Fed. Appx. 466, 467 (6th Cir. 2001) (holding that petitioner was not entitled to habeas relief when he was tried, convicted, and sentenced for first-degree murder, but clerical error in trial court's mittimus cited statute governing second-degree murder). Therefore, Petitioner's objections to the dismissal of Ground One are OVERRULED.

### E. Ground Two

In Ground Two, Petitioner claims Ohio courts failed to follow Ohio Rule of Criminal Procedure 32(C).

The Magistrate Judge explained that a violation by a state of its own procedural rules does not necessarily constitute a violation of due process. The Magistrate Judge explained that the Fourth District held the number confusion was not a violation of Ohio law and that it had been appropriately corrected by the trial judge. The Magistrate Judge also noted that the Fourth District found this claim procedurally defaulted. The

Magistrate Judge explained that absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.

The Court finds no error in this conclusion. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). An error in state procedure does not rise to the level of a federal constitutional claim warranting habeas relief "unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69-70). Petitioner has not shown that the case number confusion resulted in a deprivation of due process. As the Magistrate Judge explained, Petitioner has not claimed that he was not given proper notice of the charges or unable to defend himself. (Doc. 48, PAGEID# 2877).

Therefore, Petitioner's objections to the dismissal of Ground Two are OVERRULED.

**F. Ground Three**

In Ground Three, Petitioner maintains that he was denied a speedy trial by the number confusion.

The Magistrate Judge explained Petitioner did not raise this number confusion issue until 2011, and the claim was held to be barred by the statute of limitations. Petitioner explains he did not raise the claim earlier due to ineffective assistance of trial counsel and ineffective assistance of appellate counsel. However, the Magistrate Judge found no merit to this claim because Petitioner did not present evidence of any

7

confusion by his attorneys or different legal arguments which would have been made if the numbers were correct. The Court finds no error in the Magistrate Judge's conclusion.

In his objections, Petitioner relies on *United States v. Thomas,* 167 F.3d 299 (6th Cir. 1999) to argue that he has a Sixth Amendment right to a speedy re-sentencing on remand. However, as the Magistrate Judge explained, *Thomas* is Sixth Circuit precedent, and cannot serve as the basis for habeas relief. *Accord Lopez v. Smith*, 574 U.S. 1, 6, 135 S. Ct. 1, 4, 190 L. Ed. 2d 1 (2014) ("AEDPA permits habeas relief only if a state court's decision is 'contrary to, or involved an unreasonable application of, clearly established Federal law' as determined by this Court, not by the courts of appeals.") (quoting 28 U.S.C. § 2254(d)(1)).

Therefore, Petitioner's objections to the dismissal of Ground Three are OVERRULED.

### G. Ground Four

In Ground Four, Petitioner claims that the Ohio courts erred in determining that the time limit in Ohio Revised Code § 2953.23(A) is jurisdictional.

The Magistrate Judge explained that this is a question of Ohio law on which the federal courts are bound by state court determinations. The Court finds no error in this conclusion. Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990).

Therefore, Petitioner's objections to the dismissal of Ground Four are OVERRULED.

8

### H. Grounds Five

In the Fifth Ground for relief, Petitioner claims his attorneys provided ineffective assistance of counsel.

Petitioner claims his appellate counsel was ineffective based on counsel's failure to raise his claim that his re-sentencing was untimely according to *State v. Bezak*, 114 Ohio St. 3d 94 (Ohio 2007). As the Magistrate Judge explained, the Fourth District held that there was no ineffective assistance of counsel based on the failure to raise this claim because Petitioner's remand was for merger of allied offenses under Ohio Revised Code § 2941.25; and therefore, he was not entitled to a full re-sentencing hearing under *Bezak*. The Magistrate Judge concluded that this was a reasonable application of the Supreme Court's clearly established precedent in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court finds no error in this conclusion.

In his objections, Petitioner points to a variety of actions his attorneys should have taken relative to the suppression of evidence found during the search of his house.

As explained above, the Magistrate Judge found that Petitioner's claims of ineffective assistance of trial counsel related to the suppression matter are barred by the statute of limitations; and are also procedurally defaulted because the claims were never presented to the Ohio courts in a petition for postconviction relief under Ohio Revised Code § 2953.21. The Court finds no error in this conclusion. While Petitioner did file a petition for post-conviction relief, the petition was untimely; and in any event, the petition he filed did not include these particular claims of ineffective assistance of trial counsel. Therefore, Petitioner did not fairly present both the factual and legal bases

9

for his claim to the state courts at the time review was available. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Therefore, Petitioner's objections to the dismissal of Ground Five are OVERRULED.

### I. Grounds Six, Seven, Eight, Nine

As the Magistrate Judge explained, Grounds Six though Nine are the same four assignments of error which the Fourth District Court of Appeals considered as part of Petitioner's ineffective assistance of appellate counsel claim. The Fourth District concluded that appellate counsel was not ineffective for failing to raise these assignments of error because the underlying claims had no merit. (Doc. 48, PAGEID# 2872-2873).

The Magistrate Judge found that the Fourth District's decision on these claims is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedential holdings; and therefore, the Fourth District's decision is entitled to deference under 28 U.S.C. § 2254(d). Petitioner presents little to argue to the contrary.

Therefore, any objections to the dismissal of Grounds Six, Seven, Eight or Nine are OVERRULED.

### J. Ground Ten

Petitioner added his Tenth Ground for relief in his Amended Petition. Petitioner claims he was denied the effective assistance of appellate counsel when counsel on appeal refused to raise any assignments of error other than raising an assignment of error about allied offenses of similar import.

The Magistrate Judge explained that this ground for relief is very cursory and gives the Court no facts on which to base a decision. Petitioner does not provide any clarification in his objections.

Therefore, any objections to the dismissal of Ground Ten is OVERRULED.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's September 3, 2018 and October 3, 2018 Orders (Docs. 65, 68) are **OVERRULED**;

2. The Magistrate Judge's May 8, 2018 Report and Recommendations ("R&R") (Doc. 48) and July 5, 2018 Supplemental R&R (Doc. 55) are **ADOPTED**;

3. Petitioner's Amended Petition (Doc. 41) is **DISMISSED** with **PREJUDICE**;

4. A certificate of appealability is not issued with respect to the claims alleged in Grounds One, Two, and Four through Ten of the petition, which were addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented in those grounds for relief are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. In addition, a certificate of appealability is not issued with respect to the remaining claims alleged, which this Court has concluded are procedurally barred from review, because under the first prong of the two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of that test. Nevertheless, assuming that "jurists of reason" could find the procedural ruling debatable, the Court further finds that the second prong of the *Slack* test has not been met because "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief. *See id.* at 484.

6. With respect to any application by Petitioner to proceed on appeal in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R and Supplemental R&R would not be taken in "good faith" and, therefore, this Court **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

7. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

    **IT IS SO ORDERED.**

>                */s/ Michael R. Barrett*
> JUDGE MICHAEL R. BARRETT