# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

SCOTT D. CREECH,

        Petitioner,     :    Case No. 1:15-cv-193

  - vs -                        District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                                 :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case is before the Court on Petitioner's Motion to Vacate Judgment for Fraud upon the Court (ECF No. 84). Petitioner purports to bring the Motion pursuant to Fed.R.Civ.P. 60(b)(6).

This Court entered final judgment dismissing Creech's habeas corpus petition with prejudice on August 13, 2020 (ECF No. 78). Creech attempted to appeal, but the Sixth Circuit denied him a certificate of appealability. *Creech v. Shoop*, Case No. 20-3935 (6th Cir. Feb. 3, 2021)(unreported; copy at ECF No. 83). Creech now seeks to vacate the final judgments of both this Court and the Sixth Circuit. A District Court is utterly without jurisdiction to alter in any way the judgment of a circuit court of appeals. Therefore that portion of the Motion seeking to vacate the Sixth Circuit's denial of a certificate of appealability should be denied for lack of jurisdiction.

Fed.R.Civ.P. 60(b) provides

    **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

1

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Under Fed. R. Civ. P. 60(c), motions made under Fed. R. Civ. P. 60(b)(1), (2), or (3) must be made within one year after the entry of the judgment or order or the date of the proceeding. The one-year time limit on a 60(b) motion is jurisdictional. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006), cited with approval in *Mitchell v. Rees II,* 261 Fed. Appx. 825, 2008 U.S. App. LEXIS 927 (6th Cir. 2008).  A litigant cannot evade the time limit on Fed.R.Civ.P. 60(b)(3) motions to vacate for fraud on the court by relabeling it as made under Fed.R.Civ.P. 60(b)(6).

Because Creech seeks relief from what he labels as a fraud on the court, his Motion is untimely and must be dismissed for lack of jurisdiction.  Relief from judgment under Rule 60(b)(6) is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from

judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988).

**Conclusion**

Petitioner's Motion to Vacate should be dismissed for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 2, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #