**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

SCOTT D. CREECH,

    Petitioner,  : Case No. 1:15-cv-193

 - vs -       District Judge Michael R. Barrett
            Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

               :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

   This case is before the Court on Petitioner's Motion to Vacate Judgment Pursuant to [Fed.R.Civ.P. ] 60(b)(6) for Fraud Upon the Court (ECF No. 84).  The undersigned filed a Report recommending the Motion be denied for lack of jurisdiction (ECF No. 85).  Petitioner has objected (ECF No. 88) and District Judge Barrett has recommitted the Motion for reconsideration in light of the Objections (ECF No. 89).

**Litigation History**

   Creech was indicted on March 31, 2008, by a Scioto County grand jury under Case No. 08–CR–291 charging him with a number of drug and explosive possession and manufacturing offenses.  *State v. Creech*, 188 Ohio App. 3d 513 (4th Dist. June 1, 2010)("*Creech I*").  That indictment was superseded a month later in Case No. 08–CR–461.  The trial jury found Creech guilty on ten of eleven counts, but the verdict forms carried Case No. 08-CR-291.  *State v. Creech*,

2013-Ohio-3791, 2013 WL 4735469 (4th Dist. Aug. 27, 2013)("*Creech II*").

Three years later in 2011 Creech retained counsel and raised the claim that the case number discrepancies voided the convictions. In 2013 the Fourth District Court of Appeals rejected that claim on the merits and also found Creech's application for post-conviction relief was untimely. *Creech II*. In 2015 Creech filed the Petition in this case (ECF No. 5). The Court entered judgment dismissing the Petition in 2020 (ECF No. 78). On February 3, 2021, the Sixth Circuit denied a certificate of appealability (ECF No. 83). 364 days later on February 2, 2022, Creech filed the instant Motion for Relief from Judgment.

## Analysis

Creech claims the judgment dismissing his petition[1] should be vacated under Fed.R.Civ.P. 60(b)(6) for "fraud on the court" (ECF No. 84). The Report recommending denial of the 60(b)(6) motion noted that motions to vacate for fraud on the court under Fed.R.Civ.P. 60(b)(3) have a jurisdictional time limit of one year which cannot be evaded by bringing a "fraud on the court" claim under 60(b)(6)(Report, ECF No. 85).

Creech objects that Rule 60(b)(3) is not available to a party alleging fraud, misrepresentation, or other misconduct on the part of an attorney, because attorney's [sic] are not adverse parties to an action." (Objections, ECF No. 85, PageID 3350, citing *Varden v. Danek Med., Inc*, 58 F. App'x 137, 139 (6th Cir. 2003)). Therefore, the "Magistrate Judge mischaracterized the 60(b) motion as one under Rule 60(b)(3). . . . Contrary to the Magistrate Judge's recommendation,

---

[1] He also sought relief from the judgment of the Sixth Circuit denying him a certificate of appealability. However, he does not object to the Magistrate Judge's recommendation that this Court lacks jurisdiction to modify that appellate judgment (Objections, ECF No. 88, PageID 3349).

2

Creech argues, Rule 60(b)(3) does not cover a motion for "fraud on the Court." (Objections, ECF No. 85, PageID 3349-50). Of course, Creech labeled his Motion as based on "fraud on the court."

**Analysis under Fed.R.Civ.P. 60(d)**

Instead of analyzing his Motion under Fed.R.Civ.P. 60(b)3), Creech argues, the Magistrate Judge should have looked to Fed.R.Civ.P. 60(d):

> Under Rule 60(d) that offers a "savings claus [sic]" .,. that allows judgments to be attacked without regard to the passage of time. See *Marcell v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009)(quoting *Computer Leasco, Inc. v. NTP, Inc.* 194 Fed. Appx 328, 334 (6th Cir. 2011). See also *Mitchell v. Rees*, 651 F. 3d 593, 597 (6th Cir. 2011).

(Objections, ECF No. 85, PageID 3350). In his twenty-two pages of argument in support of his 60(b)(6) Motion for Fraud on the Court, Creech never once cited Fed.R.Civ.P. 60(d) as providing a jurisdictional basis for his motion (or for any other purpose). It is hardly surprising, then, that the Report offered no analysis under Rule 60(d). But here it is:

Fed. R. Civ. P. 60(d) is the savings clause in Rule 60[2] and preserves the ability to file an independent action in equity for relief from a judgment. In *Mitchell v. Rees*, 651 F.3d 593 (6th Cir. 2011), the Sixth Circuit held:

> At this point it will also be beneficial to clarify the nature of plaintiff's action. Plaintiff continually asserts that this is an independent action 'pursuant to Rule 60[(d)].' This is not entirely accurate. Rule 60[(d)] merely provides, in relevant part [that] '[t]his rule [i.e., Rule 60] does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . . or to set aside a judgment for fraud upon the court.' According to Wright and Miller, 'the reference to 'independent action' in the saving clause is

---

[2] That is, it was included in the Civil Rules as initially adopted in 1937 to "save" a prior procedure, to make clear the independent action was not abolished by adoption of the Rules.

> to what had been historically known simply as an independent action in equity to obtain relief from a judgment.' 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973).

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987).

The "indispensable elements" of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).

Moreover, an independent action is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *accord, Pickford v. Talbott*, 225 U.S. 651, 657 (1912) (available when enforcement of the judgment is "manifestly unconscionable"); *Barrett*, 840 F.2d. at 1263 ("Relief pursuant to the independent action is available only in cases 'of unusual and exceptional circumstances.'" (quoting *Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973))). As other circuits have held, a "grave miscarriage of justice" is a "stringent" and "demanding" standard. *Gottlieb v. S.E.C.*, 310 Fed. Appx. 424, 425 (2nd Cir. 2009); *Wise v. Kastner*, 340 F. App'x 957, 959 (5th Cir. 2009). Significantly, this is a habeas corpus case, and in that context, in order to establish that relief is required to prevent a grave miscarriage of justice, Creech must make a strong showing of actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Creech has made no showing of actual innocence to the standard required by

*Schlup v. Delo*, 513 U.S. 298, 319 (1995). More fundamentally, Creech has not filed an "independent action," (i.e. a new action outside of the pending case), but has brought his Motion in the original habeas corpus case.

**Analysis under Fed.R.Civ.P. 60(b)(6)**

Then Creech turns back to Fed.R.Civ.P. 60(b)(6) and asserts it is an appropriate vehicle for attacking, not the underlying conviction, "but some defect in the integrity of the federal habeas proceedings." (Objections, ECF No. 85, PageID 3350, citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)[3]). That could include attorney conduct "sufficiently egregious to warrant [sic] relief under Rule 60(b)(6)." *Id.* citing *Doyle v. Mut. of Omaha Inc.,Co.,* 504 F. App'x 380, 383 (6th Cir. 2012).

Petitioner then claims what he is challenging in the Motion is the way this Court applied *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013)(Objections, ECF No. 85, PageID 3351). In *Martinez*, the Supreme Court held

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate

---

[3] In *Gonzalez* Justice Scalia distinguished between Rule 60 motions in habeas cases which attack the underlying conviction and therefore constitute second or successive habeas petitions requiring permission to proceed from the circuit court under 28 U.S.C. § 2244(b) and Rule 60 motions which attack the "integrity" of the federal court's judgment.

5

> that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

566 U.S. at 14. In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Court extended Martinez to the Texas system for adjudicating claims of ineffective assistance of trial counsel.

Creech attempts to bring himself within *Martinez* and *Trevino* by arguing that "Ohio law makes [it] very difficult to raise ineffective assistance of trial counsel on direct appeal. . ." (Objections, ECF No. 85, PageID 3351). However, he does not explain why this is so. That is, he does not flesh out what substantial claim of ineffective assistance of trial counsel was not presented on direct appeal because it is supposedly difficult to do so. Creech knew of the supposed *Franks* violation before judgment and also knew that his counsel had not challenged the warrant. What was missing from the record that was needed to challenge the trial attorney's failure to raise the issue? Creech does not say, yet he asserts post-conviction counsel performed below the standards required by *Strickland v. Washington,* 466 U.S. 668 (1984).

*Martinez* and *Trevino* apply to the Ohio system of adjudicating ineffective assistance of trial counsel claims where the ineffective assistance of trial counsel claim could not be properly raised on direct appeal for lack of a sufficient record. *White v. Warden, Ross Corr. Inst.,* 940 F.3d 270 (6th Cir. 2019). Creech says the search warrant in this case was obtained fraudulently because there never was a purchase by a confidential informant, and this caused dismissal of Count 11. As Exhibit B to the 60(b)(6) Motion, Creech attaches page 403 of the trial transcript (PageID 3395) which was placed in the record in this Court on February 17, 2016 (ECF No. 19-2, as PageID 1808). Page 403 records what occurred in open court during the proffer of the State's exhibits at the close of the State's case on October 1, 2008 (See PageID 1705). Certainly as of that date, now more than thirteen years ago, Creech knew of the factual basis for any claim of a Fourth

6

Amendment violation by virtue of a false affidavit for search warrant.

As part of the original Report and Recommendation in this case, the Magistrate Judge declined to stay the proceedings further to permit Creech to exhaust a claim of ineffective assistance of appellate counsel then pending in Creech's appeal from denial of his Application to Reopen. In doing so, the Magistrate Judge echoed the Fourth District's finding that the omitted assignments of error were plainly meritless (ECF No. 48, PageID 2869-73). That conclusion was adopted by Judge Barrett and the Sixth Circuit.

Creech now objects "The question in the habeas proceeding to this court was the district court wrong in their decision not to allow Petitioner the right to expand the record?" (Objection, ECF No. 85, PageID 3353). Presumably he is referring to the decision not to allow amendment of the Petition as discussed above because he then asserts "Plaintiff had exhausted his state court remedies on the fourth amendment claim that is now before this court. . . under *Franks v. Delaware,* 438 U.S. 154, 98 S. Ct. 2674, 57 L.Ed. 2d 667 (1978)." However, the claims excluded by denial of the motion to stay and then amend were not claims under *Franks* (See Report, ECF No. 48, PageID 2871-72).

In fact the only time the Magistrate Judge denied a "motion to expand the record" thus labeled was at ECF No. 64 when Creech sought to add documents related to the search warrant in the underlying case (ECF No. 62, PageID 2981-82). The Warden opposed the Motion on the grounds, already articulated in the Supplemental Report and Recommendations, that the Fourth Amendment claim proposed to be added was barred by the statute of limitations and was also procedurally defaulted (ECF No. 63, PageID 3013, citing ECF No. 55, PageID 2940-41). Moreover, to the extent Creech was raising a Fourth Amendment claim, it was barred under *Stone v. Powell*, 428 U.S. 465 (1976)(ECF No. 63, PageID 3014). The Magistrate Judge denied the

7

Motion to Expand on the basis of the Warden's arguments (Notation Order, ECF No. 64). Creech then concludes his Objections by arguing the merits of his claim under *Franks* (ECF No. 88, PageID 3353-54).

At the time Creech moved to add his additional claims under the Fourth Amendment, they were barred by the one-year statute of limitations. The Magistrate Judge denied them on that basis (ECF No. 64). Creech objected but made no argument on the statute of limitations point (ECF No. 65). Creech later moved again to amend (ECF No. 66), but failed to attach a copy of the proposed amendments or to show why they were not time barred (ECF No. 67); the Magistrate Judge denied the Motion on that basis. *Id.* Later motions to amend were also denied. On August 13, 2020, District Judge Barrett denied all outstanding objections and dismissed the case, denying Creech a certificate of appealability (ECF No. 77, particularly at PageID 3259). Creech sought a certificate of appealability from the Sixth Circuit, but was denied relief. As to this Court's asserted error in denying leave to amend, the Sixth Circuit held:

> Finally, Creech challenges the magistrate judge's and the district court's handling of his proposed claims of ineffective assistance of counsel relating to his Fourth Amendment issues. As they explained, after Creech first raised these issues in his objections to the report and recommendation, the magistrate judge noted in his supplemental report and recommendation that Creech never exhausted the claims in the state courts. Realizing his error, Creech returned to the trial court and filed a "Motion to Vacate Void Judgment" in an effort exhaust the claims. He then sought leave to amend his habeas petition to add the claims and also sought to supplement the record.
>
> Reasonable jurists would not disagree with the district court's decision to deny Creech's requests. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Factors to consider when evaluating the interests of justice include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell,* 161 F.3d

8

> 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994)). Here, the magistrate judge found that Creech had acted with undue delay and bad faith given that the case had been ripe for decision since August 2018 and that he sought leave to amend only after dispositive reports and recommendations had been issued. Allowing an amendment at such a late stage of the proceeding would have unduly prejudiced the State after it had been litigating the matter since 2015. And as the magistrate judge explained, although Creech presented his proposed claims to the trial court in a recent motion to vacate, he offered no reasons for why he could not have pleaded the claims earlier and sought a stay in order to exhaust them in state court. Any challenge to the district court's denial of leave to further amend Creech's petition does not deserve encouragement to proceed further.

*Creech v. Shoop,* Sixth Cir. Case No. 20-3935. Feb. 3, 2021)(copy at ECF No. 83).

Grant or denial of a certificate of appealability does not become the law of the case, binding in subsequent stages of the litigation. The law of the case doctrine does not apply to a certificate of appealability decision which

> screens out claims "unworthy of judicial time and attention," ensures "that frivolous claims are not assigned to merits panels," and identifies only questions that warrant the resources deployed for full-briefing and argument. *Gonzalez v. Thaler*, 565 U.S. 134, 145, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012). In keeping with this duty, the issuing judge does not make binding legal determinations. Rule 27(c) of the Federal Rules of Appellate Procedure doesn't allow for that. It provides that "[a] circuit judge . . . may not dismiss or otherwise determine an appeal or other proceeding," and "[t]he court may review the action of a single judge." Fed. R. App. P. 27(c). Any other approach would mean that "the single judge would be vested with a power that Rule 27(c) expressly prohibits." *McCoy v. Michigan,* 369 F. App'x 646, 653 n.3 (6th Cir. 2010).

*Keahey v. Marquis,* 978 F.3d 474, 481 (6th Cir. 2020).

While the decision in *Creech v. Shoop, supra,* is not binding as a matter of precedent, its logic is persuasive and Creech's instant Motion does not undermine that persuasiveness. If the Court accepts his objection that the Motion should not be re-characterized as a motion for fraud on the court under Fed.R.Civ.P. 60(b)(3), then the Court has jurisdiction to decide the Motion

9

because there is no time limit on motions under Fed.R.Civ.P. 60(b)(6). Given jurisdiction, the Court should deny the Motion on the merits because of *Stone v. Powell, supra,* and because of the procedural bars to the claim which the Court has already adjudicated and on which the Sixth Circuit has denied a right to appeal.

The Magistrate Judge therefore again respectfully recommends the Motion be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 21, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.