UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott D. Creech,

       Petitioner,

v.

Warden, Chillicothe Correctional Institution,

       Respondent.

Case No.: 1:15-cv-193

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's February 3, 2022 Report and Recommendations ("R&R") (Doc. 85) and March 23, 2022 Supplemental R&R (Doc. 90).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed Objections to the R&R (Doc. 88) and the Supplemental R&R (Doc. 93).[1]

For the reasons stated below, the Court OVERRULES Petitioner's Objections to the Magistrate Judge's February 3, 2022 R&R and March 23, 2022 Supplemental R&R.

**I. BACKGROUND**

---

[1] Petitioner filed a Motion for Extension of Time to object to the Supplemental R&R. (Doc. 91). Petitioner sought a ninety-day extension. The Magistrate Judge granted Petitioner's Motion, but only extended the deadline to file objections from April 6, 2022 to April 15, 2022. (Doc. 92). Petitioner objects to the denial of the full ninety days he requested. Petitioner explains that he has permanent brain and musculoskeletal injuries from an August 1999 motorcycle accident. While the Court is sympathetic to Petitioner's situation, he has not articulated a specific basis for this Court to find good cause for the ninety-day extension.

The factual and procedural history of this case is set forth in the Magistrate Judge's February 3, 2022 R&R and March 23, 2022 Supplemental R&R, and the same will not be repeated except to the extent necessary to address Petitioner's objections. The Magistrate Judge recommends denying Petitioner's Motion to Vacate Judgment Pursuant to [Fed.R.Civ.P.] 60(b)(6) for Fraud Upon the Court.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Motion to Vacate Judgment for Fraud upon the Court

Petitioner maintains that this Court's August 13, 2020 judgment dismissing his petition should be vacated under Federal Rule of Civil Procedure 60(b)(6) for "fraud on the court." (Doc. 84). The Magistrate Judge recommends denying Petitioner's Motion as untimely. The Magistrate Judge explains that motions to vacate for fraud on the court under Federal Rule of Civil Procedure 60(b)(3) have a jurisdictional time limit of

2

one year which cannot be evaded by bringing a "fraud on the court" claim under 60(b)(6).[2]

In his objections, Petitioner argues that the Magistrate Judge mischaracterized his motion as one under Rule 60(b)(3). Petitioner argues that the Magistrate Judge should have instead analyzed his motion pursuant to Rule 60(d). However, in the Supplemental R&R, the Magistrate Judge analyzed Petitioner's Motion under Rule 60(d) and explained that in a habeas corpus case, in order to establish that relief is required to prevent a grave miscarriage of justice, Petitioner must make a strong showing of actual innocence. (Doc. 90, PAGEID 3360) (citing *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence")). The Magistrate Judge concluded that Petitioner had not made such a showing. The Magistrate Judge also concluded that even if Petitioner's Motion was decided under Rule 60(b)(6), Petitioner has not demonstrated that there was a defect in the integrity of the federal habeas proceedings. The Magistrate Judge explained that the Court properly denied Petitioner leave to amend his petition with his proposed claims of ineffective assistance of counsel relating to his Fourth Amendment issues; and to the extent Petitioner was raising a Fourth Amendment claim, it was barred under *Stone v. Powell*, 428 U.S. 465 (1976).

In his objections to the Supplemental R&R, Petitioner explains that his Motion to Vacate Judgment is properly analyzed under Rule 60(b)(6) because it is based upon

---

[2] As the Magistrate Judge explained, a party seeking relief under any subsection of Rule 60(b) must show that the motion was filed "within a reasonable time−and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner does not dispute that if his motion were considered under Rule 60(b)(3) it would not be timely filed.

3

ineffective assistance of counsel. Petitioner explains he has demonstrated extraordinary circumstances which warrant relief because he has never had effective assistance of counsel at any stage of the proceedings.

Federal Rule of Civil Procedure 60(b)(6) provides for relief from a final judgment for "any other reason that justifies relief." However, Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016). Moreover, as the Sixth Circuit has explained, "[e]xtraordinary circumstances within the meaning of Rule 60(b)(6) are a rarity in habeas cases." *Sheppard v. Robinson*, 807 F.3d 815, 821 (6th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). Here, the Court finds no error in the Magistrate Judge's conclusion that Petitioner has not presented evidence of "exceptional or extraordinary circumstances" which would justify relief from the Court's judgment under Rule 60(b)(6). Therefore, even if the Court were to construe Petitioner's motion as one filed under Rule 60(b)(6), his motion would nevertheless fail for the reasons stated by the Magistrate Judge.

### III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that:

1. The Magistrate Judge's February 3, 2022 Report and Recommendations ("R&R") (Doc. 85) and March 23, 2022 Supplemental R&R (Doc. 90) are **ADOPTED**;

2. Petitioner's Motion to Vacate Judgment Pursuant to [Fed.R.Civ.P.] 60(b)(6) for Fraud Upon the Court (Doc. 84) is **DENIED**;

3. Because reasonable jurists would agree that Petitioner is not entitled to relief pursuant to Rule 60(b) under these circumstances, the Court **DENIES** a certificate of appealability ("COA") from this Order. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding COA should issue only where reasonable jurists would find it "debatable whether the petition states a valid claim for the denial of a constitutional right" and would "find it debatable whether the district court was

4

correct in its procedural ruling"); *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007) (requiring COA to appeal denial of Rule 60(b) motion);

4. With respect to any application by Petitioner to proceed on appeal in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R and Supplemental R&R would not be taken in "good faith" and, therefore, this Court **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

5. This matter shall remain **CLOSED**.

   **IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT